1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| | |
|---|---|
| ARSEN ASATRYAN, | Case No. CV 10-1284 GW (JCG) |
| Petitioner, | |
| v. | **ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| TERRI GONZALEZ, Warden, | |
| Respondent. | |

17
18

## I.

19

## INTRODUCTION AND SUMMARY

20      On January 19, 2010, Petitioner Arsen Asatryan ("Petitioner"), a California
21 prisoner incarcerated at California Men's Colony and proceeding *pro se*, filed a
22 Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition")
23 pursuant to 28 U.S.C. § 2254.
24      On May 5, 2010, Respondent filed a Motion to Dismiss the Petition
25 ("Motion"), asserting that the Petition is barred by the one-year statute of limitation
26 set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28
27 U.S.C. § 2244(d)(1).  On June 2, 2010, Petitioner filed an Opposition to the Motion
28 ("Opposition").  Respondent did not file any reply.

1    On September 23, 2010, the Magistrate Judge issued his Report and
2    Recommendation ("R&R"), recommending that Respondent's Motion be granted
3    and that judgment be entered dismissing this action with prejudice.  (*See* R&R at 2,
4    11.)  On October 18, 2010, Petitioner filed Objections to the R&R ("Objections").
5    Notably, the Objections raised new facts and sought equitable tolling of the statute
6    of limitation.[1]  On October 22, 2010, the Magistrate Judge directed Respondent to
7    file a response to the Objections.  On October 29, 2010, Respondent filed a
8    Response to Petitioner's Objections ("Response").  On November 15, 2010,
9    Petitioner filed a Reply to Respondent's Response.
10   Now, having conducted a *de novo* review, including studying the Motion, the
11   Opposition, the R&R, the Objections, the Response, and the Reply, the Court is
12   persuaded that the Petition is untimely and Petitioner failed to establish, as is his
13   burden, the right to equitable tolling.  This Court, therefore, adopts the findings,
14   conclusions, and recommendations of the Magistrate Judge.

**II.**

**DISCUSSION AND ANALYSIS**

17   Without unnecessarily rehashing the R&R, the pivotal issue at this juncture is
18   *when* Petitioner submitted a writ of habeas corpus to the California Supreme Court

---

[1]  As a procedural matter, the Court notes that Petitioner's Objections raise new facts that were never presented to the Magistrate Judge.  A district court has discretion not to consider evidence offered for the first time in a party's objections to a magistrate judge's proposed findings and recommendations.  *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000), *cert. denied*, 534 U.S. 831 (2001).  Petitioner makes no effort to explain why he did not raise this issue in his Opposition.  (*See generally* Objs. at 1-4.)  Nonetheless, in the interest of justice, the Court will address the Objections on their merits.

under the "mailbox rule."[2/]  That date is either June 28, 2009 *or* July 21, 2009.  That operative date determines whether this action is timely or not.

Petitioner contends that the state habeas petition was submitted on June 28, 2009.  Petitioner's sole evidentiary support is his own word.  Petitioner claims that his petition "was given to his tier officer" on that date.  (Objs. at 2.)

Respondent, on the other hand, counters that the Petition was not submitted until approximately *three weeks later*, on July 21, 2009.  Respondent's evidentiary support is the prison mail log, which reflects that the petition was mailed out on July 21, 2009.  (Resp. at 1.)

In rebuttal, Petitioner argues that he is entitled to equitable tolling for that 23-day span, *i.e.*, the time between June 28, 2009 and July 21, 2009.  Petitioner asserts two reasons for equitable tolling.  Petitioner claims he "had absolutely no control over when or how his tier officer turned over [his state habeas petition to the California Supreme Court]."  (Objs. at 3.)  Second, Petitioner notes that "Respondents failed to provide the Court with a copy of the envelope that was sent to the California Supreme Court[, which] . . . would show the tier officer[']s name and date it was delivered to him."  (*Id.*)

As to the latter, Petitioner explains that his prison had a "processing procedure" where the correctional officer would, upon receipt of any outbound mail, examine the mail for contraband and, assuming none existed, sign and date the envelope.  (Objs. at 2.)  The Magistrate Judge ordered Respondent to submit that envelope for examination.  Respondent attempted to unearth that envelope, but "according to the clerk of the court, the California Supreme does not retain the envelopes of the petitions for writ of habeas corpus that it receives."  (Resp. at 1.)

---

[2/]  Under the "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002); *accord Houston v. Lack*, 487 U.S. 266, 276 (1988).

1    Under these circumstances, including the record before this Court and the

2    binding precedent of the Ninth Circuit, the Court concludes that the operative

3    mailing date was July, 21, 2009 and, therefore, the instant Petition is untimely.

4    Three reasons guide this Court's determination.

5    First, Respondent submitted "strong" evidence of the mailing date.  In this

6    Circuit, it is well established that the "*prison's log of outgoing mail provides strong*

7    *evidence of the date [the petitioner] handed over his petition*."  *See Huizar v. Carey*,

8    273 F.3d 1220, 1224 (9th Cir. 2001) (emphasis added); *Kimbro v. Warden*, 2009 WL

9    3255303, at *1 n. 1 (E.D. Cal. 2009) (state petition deemed filed on the date

10   petitioner placed the petition in the mail according to the prison mail log and not on

11   the day that petitioner signed the petition).

12   Second, Petitioner bears the *burden* to establish equitable tolling.  Here,

13   Petitioner proffers no independent, corroborating evidence.  In this Circuit, it is

14   equally well established that AEDPA's one-year statute of limitation may be

15   equitably tolled "only when extraordinary circumstances beyond a prisoner's control

16   make it impossible to file a petition on time and the extraordinary circumstances

17   were the cause of his untimeliness." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir.

18   2003) (emphasis added) (internal quotation marks omitted).  This standard requires

19   petitioners, who bear the burden of establishing equitable tolling, to meet a *very high*

20   *threshold* in order to benefit from equitable tolling.  *United States v. Battles*, 362

21   F.3d 1195, 1197 (9th Cir. 2004); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir.),

22   cert. denied, 537 U.S. 1003 (2002) ("[T]he threshold necessary to trigger equitable

23   tolling under AEDPA is very high, lest the exceptions swallow the rule.") (internal

24   quotation marks, brackets and citation omitted).  Not surprisingly, in light of this

25   high threshold, "equitable tolling is unavailable in most cases[.]" *Miles v. Prunty*,

26   187 F.3d 1104, 1107 (9th Cir. 1999).

27   Third, Petitioner's position stretches credibility beyond the breaking point.

28   *Sloan v. Campbell*, 2007 WL 14255, *1 (E.D. Cal. 2007), *aff'd*, 2010 WL 2465213,

4

1   *1 (9th Cir. 2010).  As the *Sloan* court observed in a similar scenario, "the sheer
2   number of days" that would have passed between June 28, 2009 and July 21, 2009 is
3   improbable; the prison's mail "processing procedure" may explain a "few days
4   difference," *but* not three weeks:

5         The Magistrate Judge was presented with two different sets of
6         facts, and the Magistrate Judge ch[o]se to believe Respondent's
7         evidence on how and when Petitioner's document was mailed.
8         Nothing in the objections convinces the court the Magistrate
9         Judge was incorrect.  *The sheer number of days that would have*
10        *passed between October 21, 2005 and November 14, 2006 negate*
11        *Petitioner's contentions that although mail is "supposed to be"*
12        *taken to the mail room daily, in reality it sometimes "piles up"*
13        *and could have been delayed by human error.  While Petitioner's*
14        *evidence concerning the actual practices of actual mail pick up*
15        *might explain a few days  difference, it*
16        *simply does*
17  *not explain the difference in dates found here*.
18  *Id*. at *1 (emphasis added).

19        In the final analysis, the Magistrate Judge was presented with two different
20  dates of when the state habeas petition may have been submitted here.  Respondent
21  stepped forward with "strong" evidence of the prison log.  Petitioner shouldered the
22  onus to demonstrate otherwise, and failed to do so.  Petitioner also advanced an
23  improbable date as a contrary position.  Accordingly, the Magistrate Judge elected to
24  believe Respondent's evidence on when Petitioner's state habeas petition was
25  deemed filed under the "mailbox rule."  This Court is unconvinced that the
26  Magistrate Judge erred.

27  **III.**
28  **CONCLUSION**

1       Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has

2   reviewed the Petition, all of the records herein, the Report and Recommendation of

3   the United States Magistrate Judge, the Objections to the Report and

4   Recommendation, Response to the Objections, and the Reply to the Response.  The

5   Court has made a *de novo* determination of the portions of the Report and

6   Recommendation to which Objections were directed.  The Court concurs with and

7   adopts the findings and conclusions of the Magistrate Judge.  Accordingly, IT IS

8   ORDERED THAT:

9       1.      Judgment shall be entered dismissing the action with prejudice.

10      2.      The Clerk shall serve copies of this Order and the Judgment herein on

11  the parties.

12

13  DATED:  December 22, 2010.

14  _____

15                          HON. GEORGE H. WU
                            UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28